

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

1:19 CV 244

JOSHUA BRADLEY,

    PLAINTIFF,

vs.

JUDGE: JUDGE BOYKO

CASE NUMBER: MAG. JUDGE GREENBERG

THE CITY OF SOLON
34200 BAINBRIDGE ROAD SOLON, OHIO 44139

&

OFFICER JOSEPH RANDAZZO
(IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES)
C/O SOLON POLICE DEPARTMENT/
SOLON DETENTION FACILITY
33000 Solon Road, Solon, Ohio 44139

DETENTION OFFICER STACEY SZCZUDLO
(IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES)
C/O SOLON POLICE DEPARTMENT/
SOLON DETENTION FACILITY
33000 Solon Road, Solon, Ohio 44139

OFFICER SGT. THOMAS LESNER
(IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES)
C/O SOLON POLICE DEPARTMENT/
SOLON DETENTION FACILITY
33000 Solon Road, Solon, Ohio 44139

DETENTION OFFICER MANDEEP SAINI
(IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES)
C/O SOLON POLICE DEPARTMENT/
SOLON DETENTION FACILITY
33000 Solon Road, Solon, Ohio 44139

    DEFENDANTS,

**COMPLAINT WITH JURY DEMAND**

**PRELIMINARY STATEMENT**

1. The plaintiff brings this action on his own behalf and on behalf of all inmates with serious medical conditions who require immediate medical treatment and are continually denied treatment. The allegations made in this complaint are indicative of the serious and prevalent problems with the CITY OF SOLON'S entire system of providing adequate medical treatment to inmates and/or prisoners. The Plaintiff has suffered from a variety of prolonged serious medical conditions that the defendants failed to investigate or treat due to system-wide deliberate indifference/failure to train POLICE AND DETENTION officers.

**JURISDICTION**

2. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this court by 28 U.S.C. 51331, 1343 (3) (4)
3. This court has personal jurisdiction over the defendants and venue is proper in this court under 28 U.S.C. 1391 because the events giving rise to Plaintiffs' claims took place within the court's jurisdiction.

**PARTIES**

4. Plaintiff JOSHUA BRADLEY is a citizen of the UNITED STATES, who was confined in the Solon Detention Facility on November 4, 2018.
5. Defendant City of Solon is a municipal corporation under OHIO CONSTITUTION ART XVII and a "person" subject to suit within the meaning of 42 U.S.C. 1983. It is vested with the supervision of the SOLON POLICE DEPARTMENT/Solon Detention Facility.
6. Defendant DETENTION OFFICER STACEY SZCZUDLO is a Solon Detention/Police Officer. At all relevant times, she was in uniform, and acting under color of state law and in her capacity as a Solon Detention/Police Officer. She works in Solon, Ohio and remains an active member of the SOLON POLICE DEPARTMENT/Solon Detention Facility.
7. Defendant OFFICER JOSEPH RANDAZZO is a Solon Detention/Police Officer. At all relevant times, he was in uniform, and acting under color of state law and in his capacity as a Solon Detention/Police Officer. He works in Solon, Ohio and remains an active member of the SOLON POLICE DEPARTMENT/Solon Detention Facility.
8. Defendant OFFICER SGT. THOMAS LESNER is a Solon Detention/Police Officer. At all relevant times, he was in uniform, and acting under color of state law and in his capacity as a Solon Detention/Police Officer. He works in Solon, Ohio and remains an active member of the SOLON POLICE DEPARTMENT/Solon Detention Facility.

9. Defendant DETENTION OFFICER MANDEEP SAINI is a Solon Detention/Police Officer. At all relevant times, he was in uniform, and acting under color of state law and in His capacity as a Solon Detention/Police Officer. He works in Solon, Ohio and remains an active member of the SOLON POLICE DEPARTMENT/Solon Detention Facility.

## Venue

10. Venue is proper in this district based on 28 U.S.C 1391(b), as defendants are residents of this district and the acts of occurrences giving rise to these claims occurred in this district.

## STATEMENT OF FACTS

11. The plaintiff was pulled over by Cleveland heights police department on 12/19/18 for not having a license plate light.
12. The plaintiff was remanded by Cleveland heights police department, due to a warrant issued by the Solon Police department.
13. The plaintiff informed the Cleveland heights officers and the solon police officers about the nerve damage to his thumbs and hands.
14. The plaintiff was compliant and posed no threat to the Cleveland heights officers and the solon police officer.
15. While in the vicinity of the Defendant Solon Police OFFICER JOSEPH RANDAZZO, the plaintiff asked the Cleveland heights officer to be gentle with the tightness of the handcuffs because of the severe injuries to the nerves in his hands.
16. The plaintiff was transferred into Solon Police custody at or around 11:30pm in the vicinity of 26100 Chagrin Blvd Beachwood Ohio, 44122.
17. The Cleveland Heights police officer and the Solon police Officer both issued and allowed their handcuffs to be placed on the plaintiff's wrist and forearm, both pairs of handcuffs were left on the plaintiff's wrist and forearm at the same time for about one to two whole minutes.
18. The police officers laughed as the plaintiff screamed in pain and begged for both pairs of handcuffs to be removed.
19. The plaintiff was put in a severe amount of pain due to the tightness of both the handcuffs on his wrist and forearm.
20. The plaintiff micturated a little bit on himself, Due to the initial sharp pain of the second pair of handcuffs.
21. The plaintiff screamed in distress and demanded to know, what was the cause of such excessive force.
22. The police officers stated that putting two pairs of handcuffs on a transferring pre-trial detainee is procedure.

23. The plaintiff asked the Defendant Solon Police OFFICER JOSEPH RANDAZZO to be taken to the hospital.
24. Defendant OFFICER JOSEPH RANDAZZO ignored the plaintiff's pleas for medical treatment as they drove to the Solon Detention Facility.
25. The Plaintiff arrived at the Solon Detention Facility in a severe amount of pain.
26. The Plaintiff demanded that the solon detention supervisor take pictures of the injuries that he received.
27. The plaintiff requested to be taken to the emergency room because of the severe wrist, forearm and nerve pain.
28. Defendant OFFICER SGT. THOMAS LESNER ignored the plaintiff's pleas for medical treatment, and suggested he fill out a medical request form.
29. The Plaintiff requested a medical request form.
30. DETENTION OFFICER MANDEEP SAINI stated that he would give the plaintiff a medical request form once he was processed and safely in his cell.
31. The Plaintiff begged and pleaded DETENTION OFFICER MANDEEP SAINI for the medical complaint form as he was escorted to his cell.
32. DETENTION OFFICER MANDEEP SAINI raised his voice, issued threats and demanded that the plaintiff get in the cell of the Solon Detention Facility.
33. The plaintiff Never received a medical complaint form from DETENTION OFFICER MANDEEP SAINI
34. The Plaintiff pushed emergency telecom button repeatedly, to reach officer STACEY SZCZUDLO.
35. The Plaintiff Demanded a medical complaint form from officer STACEY SZCZUDLO
36. After Countless Requests, Officer STACEY SZCZUDLO walked to the plaintiff's cell at or around 2am on 12/20/18 cell and Handed the plaintiff a medical complaint form and a pen and stood in the door and told the plaintiff "hurry up and fill out the medical complaint form because I don't trust you with my pen!".
37. The Plaintiff had a hard time Writing out the medical complaint form but, it said that he was requesting immediate medical attention because his hand, wrist and forearm were in a severe amount of pain.
38. The Plaintiff Requested to be taken to the Hospital the next morning, after he woke up.
39. The Solon DETENTION OFFICER MANDEEP SAINI ignored the plaintiff's pleas for Medical Treatment.
40. The Plaintiff requested for a grievance form to follow up on the medical complaint form.
41. The plaintiff filed a grievance form on 12/20/18 at the Solon Detention Facility.
42. The Plaintiff Demanded to be taken to the emergency room because he was in a severe amount of pain.
43. The Solon Detention Officers ignored the plaintiff's pleas for Medical Treatment.
44. The Plaintiff was released on a Personal Bond at 12:30pm on 12/20/18.

45. The plaintiff left the Solon Detention Facility in a Severe amount of pain.
46. The Plaintiff ran across the street to the St. Vincent charity hospital emergency room where, he received the medical treatment he desperately needed.
47. The Plaintiff was diagnosed with a severe aggravation to a preexisting injury. (The injuries on the plaintiffs left and right hands were exacerbated due to the deliberate indifference of medical care/failure to train by the Solon police officer and the Solon Detention officers.
48. The plaintiff received the proper medical treatment after being released from the custody of the Solon Detention Facility.
49. The Plaintiff was diagnosed with an Exacerbation to a previous injury on his left hand and right hand after being released from Solon Detention Facility.
50. The plaintiff has been referred to see a neurologist, an Orthopedic surgeon, and a doctor in internal medicine.
51. The plaintiff is scheduled to have an EMG TEST on February 4th, 2019, for the Exacerbation to the previous injury on his left hand and right hand.
52. A well-trained employee would have known how to properly approach a seriously injured inmate in a manner that did not constitute cruel and unusual punishment. Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO instead approached the plaintiff in a sly and sneaky manner and forced the plaintiff to endure the severe amount of pain, he was in.
53. Defendant officer STACEY SZCZUDLO failed to follow the proper procedure after receiving the medical complaint form from the plaintiff.
54. Defendant officer STACEY SZCZUDLO either misplaced and/or hid or colluded with the individual who misplaced and/or hid the plaintiff's medical complaint form.
55. A well-trained employee would have known to administer first aid or call ambulance upon hearing the pleas of a crying inmate in severe pain. The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO instead failed to promptly attend to the plaintiff's serious medical needs.
56. The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO acted under color of law in her official capacity to deprive the plaintiff of his right to Medical care and his right to be free from cruel and unusual punishment. These rights are secured by the eighth and fourteenth amendment.
57. As a direct and proximate result of The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO's intentional acts, the plaintiff sustained severe mental and physical pain and suffering and injury in an amount to be determined at trial.

58. The plaintiff is entitled to compensatory damages for the harms inflicted upon him, and he is entitled to punitive damages for the unconscionable conduct he was forced to endure at the hands of Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO.
59. As a direct and proximate result of The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO's intentional and/or negligent acts, the plaintiff sustained severe mental and physical pain and suffering and injury in an amount to be determined at trial.

### *CLAIM 1*
**Fourth Amendment Violation Under 42 U.S.C. 1983** against Defendant **OFFICER JOSEPH RANDAZZO IN HIS OFFICIAL AND PERSONAL CAPACITY FOR EXCSSIVE FORCE TO an INJURED PRE-TRIAL DETAINEE, ON BEHALF OF THE PLAINTIFF**

60. **Plaintiff incorporates all previous allegations by reference**
61. **Defendant** OFFICER JOSEPH RANDAZZO failed to follow procedure regarding the transporting of a pretrial detainee. The plaintiff was forced to endure excessive force, due to **Defendant** OFFICER JOSEPH RANDAZZO's lack of training in transporting of a pretrial detainee.
62. **Defendant** OFFICER JOSEPH RANDAZZO's actions led to physical and emotional damage to the plaintiff.
63. As a direct and proximate result of **Defendant** OFFICER JOSEPH RANDAZZO 's unlawful conduct, The Plaintiff suffered and will continue to suffer economic and non-economic damages for which the defendant is liable, including, but not limited to mental, emotional, and physical pain suffering.
64. The plaintiff is entitled to punitive damages based on the defendant's egregious conduct.
65. In addition to the Plaintiffs compensatory and punitive damages, defendants are also liable for attorneys' fees and costs, witness fees, expert fees, and any additional legal or equitable relief that this court deems appropriate.

### *CLAIM 2*

**Fourteenth Amendment Violation Under 42 U.S.C. 1983** against The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO **IN THEIR OFFICIAL AND PERSONAL CAPACITY FOR DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED, ON BEHALF OF THE PLAINTIFF**

66. Plaintiff incorporates all previous allegations by reference
67. The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO failed to administer aid or respond to The Plaintiff's serious medical needs. The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO watched the plaintiff cry and plea to be taken to see a doctor.
68. This failure by The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO led to physical and emotional damage to the Plaintiff.
69. As a direct and proximate result of the defendants' unlawful conduct, The Plaintiff suffered and will continue to suffer economic and non-economic damages for which the defendants are liable, including, but not limited to mental, emotional, and physical pain suffering.
70. The plaintiff is entitled to punitive damages based on the defendant's egregious conduct.
71. In addition to the Plaintiffs compensatory and punitive damages, defendants are also liable for attorneys' fees and costs, witness fees, expert fees, and any additional legal or equitable relief that this court deems appropriate.

### CLAIM 3
**Fourth and Fourteenth Amendment Violation Under 42 U.S.C. 1983** against Defendant **CITY OF SOLON FOR DELIBERATE INDIFFERENCE/FAILURE TO TRAIN POLICE AND DETENTION OFFICERS ON HOW TO PROPERLY RECEIVE A PRETRIAL DETAINEE AND ON HOW TO RESPOND TO A SERIOUS MEDICAL CONDITIONS, ON BEHALF OF THE PLAINTIFF**

72. Plaintiff incorporates all previous allegations by reference.
73. Defendant city, through the Detention/Police Department, and acting under the pretense and color of law, created, permitted, tolerated, and was deliberately indifferent to a pattern and practice of deliberate indifference to training officers on how to interact and properly respond to a serious medical condition. This widespread denial of training for a foreseeable population that will interact with Solon Detention/Police Officers and for a situation they will likely confront often constitutes a municipal policy, practice, or custom and led to the cruel and unusual punishment the plaintiff endured while confined in the Solon Detention Facility.
74. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom under which the plaintiff endured cruel and unusual punishment while confined in the Solon Detention Facility, Defendant City of Solon, deprived the plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. 1983, including, but not limited to, the right to interact with Detention/Police Officers without excessive force and deliberate indifference to his physical body and medical needs.
75. As a direct and proximate result of the defendant's, City of Solon, unlawful conduct, the plaintiff suffered and will continue to suffer economic and non-economic damages for which this defendant is liable, including, but not limited to, mental, emotional, and physical pain and suffering.

### CLAIM 4
**CIVIL LIABILITY FOR CRIMINAL ACTS UNDER OHIO REV. CODE 2307.60(A)(1) AGAINST Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO, ON BEHALF OF THE PLAINTIFF**

76. Plaintiff incorporates all previous allegations by reference.
77. The conduct complained of above constitutes criminal acts on the part of the Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER,

DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO. These crimes include, but are not limited to,
   a. Interfering with civil rights (Ohio Rev. Code 2921.45(A)).
78. As a direct and proximate result of Defendant Officer STACEY SZCZUDLO'S criminal conduct, which showed a spirit of ill-will, hatred, and wanton disregard of the Plaintiff's rights. The Plaintiff with continue to suffer economic and non-economic damages for which Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO is liable, including but not limited to mental, emotional, and physical pain and suffering, as well as punitive damages

<u>CLAIM 5</u>
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST** Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO, **ON BEHALF OF THE PLAINTIFF**

79. Plaintiff incorporates all previous allegations by reference.
80. In conducting themselves as they did, The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress and cruel and unusual punishment to the plaintiff.
81. The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO 's conduct in forcing the plaintiff to endure cruel and unusual punishment. The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO'S conduct was extreme and outrageous. It went beyond all possible bounds of human decency and such that it could be considered intolerable in civilized society.
82. As a direct and proximate result of The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO's unlawful conduct, the plaintiff, has suffered and will continue to suffer mental anguish so serious and of such a nature that no reasonable person could be expected to endure it and for The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO are liable.
83. The plaintiff is entitled to punitive damages based on The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO's egregious conduct.

### CLAIM 6
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS against** Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO, **ON BEHALF OF THE PLAINTIFF**

84. Plaintiff incorporates all previous allegations by reference.
85. Plaintiff was subjected to cruel and unusual punishment and prolonged physical pain and suffering at the hands of The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO. As a direct and proximate result, The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO's **unlawful conduct,** The Plaintiff has suffered and will continue to suffer serious mental anguish for which The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO are liable.

### CLAIM 7
<u>**Eighth Amendment Violation Under 42 U.S.C. 1983**</u> **against** Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO **IN their OFFICIAL AND PERSONAL CAPACITY FOR CRUEL AND UNUSUAL PUNISHMENT, ON BEHALF OF THE PLAINTIFF**

86. Plaintiff incorporates all previous allegations by reference.
87. Plaintiff was subjected to cruel and unusual punishment and prolonged physical pain and suffering at the hands of The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO. As a direct and proximate result, The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO's **unlawful conduct,** The Plaintiff has suffered and will continue to suffer serious mental anguish for which The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO are liable.
88. The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO **'s conduct in forcing the plaintiff to endure cruel and unusual punishment.** The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO's **conduct was extreme and outrageous. It went beyond all possible bounds of human decency and such that it could be considered intolerable in civilized society.**
89. In conducting themselves as they did, The Defendants DETENTION OFFICER MANDEEP SAINI, OFFICER SGT. THOMAS LESNER, DETENTION OFFICER STACEY SZCZUDLO, and OFFICER JOSEPH RANDAZZO **intended to cause emotional distress and/or knew or should have known that the**

actions taken would result in serious emotional distress and cruel and unusual punishment to the plaintiff.

## PRAYER FOR RELIEF

For the reasons stated above, the plaintiff, Joshua Bradley, respectfully requests the following relief from the court:

1. Declare that The Defendants' acts and conduct constitute violations of the eighth and fourteenth amendment of the United States Constitution, as well as of 42 U.S.C. 1983;
2. Enter a declaratory judgment on behalf of the Plaintiff that the defendant's policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted a violation of the OHIO STATE LAW
3. Enter judgement in the plaintiff's favor on all claims for relief;
4. Award full compensatory damages including, but not limited to, damages for pain and suffering, mental anguish, emotional distress, cruel and unusual punishment, and inconvenience that the plaintiff, Joshua Bradley, has suffered and is reasonably certain to suffer in the future;
5. Award punitive and exemplary damages for the individual defendants' egregious, willingful, and malicious conduct;
6. Permanently enjoin and prohibit Defendants from interfering with Plaintiff's constitutional rights. Specifically, to enjoin defendants from:
    a. Retaliating against Plaintiff or his family for bringing this lawsuit; and
    b. Subjecting Plaintiff to excessive force in the future.
7. Order Defendants to pay punitive damages and other exemplary damages based on 42 U.S.C 1983 claims;
8. Order Defendants to pay Plaintiff's attorneys' fees and costs as authorized by 42 U.S.C 1988; pre-judgement interest and any other relief deemed necessary and proper;
9. For leave to amend Complaint to include a claim for punitive damages under state law; and
10. Grant all other additional relief to which Plaintiff may be entitled.

JOSHUA BRADLEY						January 31st, 2019

*[signature: J. Bradley]*

4361 Clarkwood Parkway
Warrensville Hts. Ohio
Apt 112  44128

# OHIO NOTARY ACKNOWLEDGMENT

State of __Ohio__

County of __Cuyahoga__

The foregoing instrument was acknowledged before me this __2/1/19__ (date) by __Amanda Urban__ (name of person acknowledged.)

(Seal)    [Notary Seal: AMANDA E. URBAN, NOTARY PUBLIC, STATE OF OHIO, exp. 10/28/22]

_____
Signature of Notarial Officer

_____
Title or Rank

_____
Serial Number (if any)